In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-06-139 CV


____________________



TARKINGTON INDEPENDENT SCHOOL DISTRICT, Appellant



V.



RANDY ELLIS AND PATRICIA ELLIS, 


AS NEXT FRIENDS OF J.M., Appellees






On Appeal from the 75th District Court


Liberty County, Texas


Trial Cause No. CV70833






 OPINION ON MOTION FOR REHEARING 


 On motion for rehearing, the Tarkington Independent School District requests that we
reconsider our "conclusion that the District adopted the intent requirements for all
expulsions." The District argues that it "only adopted an intent requirement for discretionary
expulsions." The District then asserts that under its Code of Conduct, possession of brass
knuckles is a mandatory expulsion offense, and therefore lack of intent is not a factor that the
District can take into account in cases involving the possession of prohibited weapons. 

 We disagree with the District's contention that its policies mandate expulsion in cases
of involuntary possession of prohibited weapons. Expressly included among the District's
mandatory expulsion offenses are Texas Penal Code violations for "using, exhibiting, or
possessing the following, as defined by the Texas Penal Code: . . . A prohibited weapon,
such as . . . knuckles." A person violates the Penal Code "if he intentionally or knowingly
possesses, manufactures, transports, repairs, or sells . . . knuckles . . ." or other prohibited
weapons. Tex. Pen. Code Ann. § 46.05(a) (Vernon Supp. 2006). None of the District's
other policy provisions apply expressly to knuckles. Thus, it appears that the District's
policy of mandatory expulsion for possession of knuckles applies only to cases of knowing
or intentional possession. 

 The sections of the student code that relate to the types of misconduct that result in
mandatory expulsion are silent with respect to cases where the possession is not voluntary. 
However, the immediately preceding section that concerns discretionary expulsions
establishes a general rule, and states: "In deciding whether to order expulsion, the district
will take into consideration: 1. Self-defense [], 2. Intent or lack of intent at the time the
student engaged in the conduct, and 3. The student's disciplinary history."

 Thus, the Student Code of Conduct does not expressly deal with situations involving
involuntary possession of prohibited weapons. In the absence of an express provision in
the District's Student Code of Conduct requiring expulsion for cases of involuntary
possession of prohibited weapons, we conclude the District's general rule is applicable. 
The District's general rule for expelling a student requires that it consider the student's
lack of intent in making a decision to expel the student. 

 In its motion for rehearing, the District argues that we should reverse the district
court's order enjoining the District from expelling the student because the record from the
disciplinary hearing supports its contention that the student knowingly possessed the
prohibited weapon. However, the issue before us in this appeal is the court's decision to
grant an injunction prohibiting the District from enforcing its decision to expel the student. 
The legislature granted the student a trial de novo. No party has filed a summary judgment
motion, and at this point we do not know whether the record the parties will make in the
trial court will be the same, or different, from the record made at the expulsion hearing. 
We again decline the District's invitation to issue an advisory opinion. 

 The motion for rehearing is overruled.

 ____________________________

 HOLLIS HORTON

 Justice


Opinion Delivered August 31, 2006

Before Gaultney, Kreger, and Horton, JJ.